UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: ) | |
| ) | |
| JERRY JOE BATT ) | Case No. 10-30310 |
| Debtor ) | CHAPTER 7 |
| _____ ) | |
| ) | |
| JULIE APPERSON, as Trustee for the Estate of ) | |
| Jerry Joe Batt, and as successor Trustee for ) | |
| Jerry J. Batt Revocable Trust and Jerry J. Batt ) | |
| Amended Revocable Trust ) | |
| ) | |
| v. ) | |
| ) | |
| OLD FORT BANKING COMPANY ) | |
| ) | |
| and ) | AP No. 12-03013 |
| ) | |
| FIRST FEDERAL BANK OF THE MIDWEST ) | |
| _____ ) | |

**MEMORANDUM OPINION**

This matter comes before the Court on the Motion to Transfer Venue and Request for Hearing filed by the Defendant, First Federal Bank of the Midwest ("First Federal") and the Motion to Transfer Venue and Request for Hearing filed by the Defendant, The Old Fort Banking Company ("Old Fort"). The Plaintiff, the Chapter 7 Trustee ("Trustee") opposes the motions. In the motions to transfer, both First Federal and Old Fort request that this Court transfer venue of this adversary proceeding from the Western District of Kentucky to the United States Bankruptcy Court for the Northern District of Ohio, Western Division located at Toledo, Ohio. The Court heard oral arguments on the motions on September 27, 2012.

The Court has jurisdiction of this proceeding pursuant to 28 U.S.C. § 1334 and the general order of reference entered in the Western District Of Kentucky. Venue in this district and division

is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). The following constitutes the Court's findings of fact and conclusions of law.

## BACKGROUND AND FACTS

On January 25, 2010, Jerry Batt ("Debtor") filed for relief under Chapter 7 of Title 11 of the United States Code in this Court. According to the Amendment to Schedules filed on March 4, 2010, the Debtor resided in Northwestern Ohio between December 1998 and July 1, 2009. For the next six (6) months up to the filing of his Petition, the Debtor resided at various temporary locations in the Louisville, Kentucky. Since the filing of the case, the Debtor has moved back to Ohio.

On January 24, 2012, the Trustee filed the complaint in this adversary proceeding against Old Fort and against First Federal. On March 16, 2012, Old Fort filed its motion to transfer venue, and shortly thereafter, on April 6, 2012, First Federal filed its motion to transfer venue. Both of these motions were filed relatively early in the case, and before any significant court involvement. Old Fort's principal place of business is located at Old Fort, Ohio (in Seneca County in Northwest Ohio) while First Federal's principal place of business is located in Defiance, Ohio (located in Defiance County in Northwest Ohio). These locations are more than 270 miles from this Court's location. Neither of the Defendants has a branch or conducts business in Kentucky.

The Adversary Complaint seeks to recover from the Defendants for alleged preferences; fraudulently conveyed property; post-petition transfers (Counts 1-6); constructive trust/unjust enrichment (Count 7); money had and received in conversion (Count 8 and 9); aiding and abetting a breach of fiduciary duty (Count 10); and recovery and turnover of property (Count 11). With respect to the transfers to the Defendants, the vast majority of the suspected transfers took place while the Debtor was residing in Ohio. Many of the other counts allege violations of Ohio statutes

2

relating to fraudulent transfers under the Ohio Revised Code, issues under Ohio trust law, and Ohio fiduciary law.

## DISCUSSION

This brings the Court to the motions to transfer venue. The Court will first note that "[t]here is a strong presumption in favor of placing venue in the district where the bankruptcy proceedings are pending." MD Acquisition, LLC v. Myers, 2009 WL 466383, at *4 (S.D. Ohio 2009) (internal quotation marks omitted). See also Manville Forest Prods. Corp. (In re Manville Forest Prods. Corp.), 896 F.2d 1384, 1391 (2nd Cir. 1990) ("[T]he district in which the underlying bankruptcy case is pending is presumed to be the appropriate district for hearing and determination of a proceeding in bankruptcy.").

Whether to transfer an adversary proceeding is a discretionary decision by the bankruptcy court and should be undertaken with caution. The burden of proof on a motion to transfer venue lies with the Defendants as the movants, who must establish that the transfer is warranted by a preponderance of the evidence. Enron Corp. v. Arora (In re Enron Corp.), 317 B.R. 629, 639 (Bankr. S.D.N.Y. 2004). For the reasons set forth below, the Court concludes that the Defendants have satisfied their burden.

Pursuant to 28 U.S.C. § 1412, "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." See also Fed. R. Bankr. P. 7087 ("On motion and after a hearing, the court may transfer an adversary proceeding or any part thereof to another district pursuant to 28 U.S.C. § 1412...."). Section 1412 is written in the disjunctive, and the Court may transfer an adversary proceeding if the transfer would either (1) be in the interest of justice or (2) serve the convenience of the parties.

In analyzing whether a transfer would be in the interest of justice, courts may consider the following factors: 1) whether transfer would promote the economic and efficient administration of the bankruptcy estate; 2) whether the interests of judicial economy would be served by the transfer; 3) whether the parties would be able to receive a fair trial in each of the possible venues; 4) whether either forum has an interest in having the controversy decided within its borders; 5) whether the enforceability of any judgment would be affected by the transfer; and 6) whether the plaintiff's original choice of forum should be disturbed. In re Bavelis, 453 B.R. 832, 874 (Bankr. S.D. Ohio 2011).

In analyzing the convenience of the parties, courts have considered the (1) location of the plaintiff and defendant, (2) ease of access to the necessary proof, (3) convenience of the witnesses and the parties and their relative physical and financial condition, (4) availability of the subpoena power for unwilling witnesses and (5) expense of obtaining unwilling witnesses. Id. See also In re Things Remembered Inc. v. BGTV, Inc. (In re Things Remembered), 151 B.R. 827 (Bankr. N.D. Ohio 1993) (listing factors more specifically as: "1. the relative ease of access to sources of proof; 2. availability of compulsory process for attendance of unwilling, and the cost of obtaining the attendance of willing, witnesses; 3. the enforceability of judgment if one is obtained; 4. relative advantages and obstacles to fair trial; 5. a local interest in having localized controversies decided at home; 6. a trial in the state the law of which will govern the action.").

**1. The Interest of Justice**

When making the interest of justice consideration, courts give the greatest weight to whether the proposed transfer would promote the economic and efficient administration of the bankruptcy estate. Gunner v. Anthony (In re Heritage Fin. Network, Inc.), 286 B.R. 318, 320 (Bankr. S.D. Ohio

2002) ("As for the interests of justice, nearly every case that has considered transfer of a bankruptcy proceeding has construed this phrase in section 1412 to give primacy to administrative matters affecting the estate." (internal quotation marks omitted) ).

For several reasons, this Court concludes that transferring this adversary proceeding to another district would not promote the economic and efficient administration of the bankruptcy estate and also would not serve the interests of judicial economy. First, the transfer of the adversary proceeding would not serve the efficient administration of the bankruptcy estate. This Court, unlike the Ohio Bankruptcy Court, has extensive experience in the main case, at least with respect to the Debtor and the Trustee. Plus, as the Trustee argued at oral argument, transferring the adversary proceeding to Ohio would increase the costs to the Bankruptcy Estate.

The other factors to be considered when determining whether the interest of justice warrants transfer are either neutral or weigh against transfer. Clearly, the parties would be able to receive a fair trial in each of the possible venues. The Court is not aware of either forum having a specific interest in having the controversy decided within its borders. While the enforceability of any judgment would probably not be affected by the transfer, it is clear enforcing a "local" judgment would be much easier than having to domesticate a foreign judgment. Finally, the Trustee's original choice of forum weighs against transfer.

**2. The Convenience of the Parties**

As stated above, § 1412 is written in the disjunctive. Thus, even if not in the interest of justice, the Court may still transfer an adversary for the convenience of the parties. In this case, the convenience of the parties overwhelmingly supports the Court's decision to transfer the adversary proceeding. The Debtor now resides in Ohio, both Defendants are located in Ohio, and most if not

5

all the evidence and witnesses needed for adjudication of this action are located in Ohio. There can be little doubt that it would be more convenient for the Defendants to have this adversary proceeding heard in Ohio. While no one is challenging that the action was properly brought within this District, it is also clear that this adversary proceeding's connection with Kentucky is tenuous, at best.

The Trustee at oral argument contended that this is simply a document case, needing as few as two witnesses per Defendant. However, as stated above, the Trustee plead much more than simple preferential transfers in her complaint. Indeed, the Trustee alleged a whole host of wrongful conduct, and the Court cannot help but conclude that proving such allegations and defending such allegations will require more witnesses than the Trustee anticipates. Requiring these Defendants to produce these witnesses at a forum over five hours traveling distance away clearly weighs in favor of transferring the case. Moreover, other than the cost of having Trustee's counsel travel, which is insignificant when compared to the costs the two Defendants will incur in defending the action, the Court can see no reason that transferring the case will unduly prejudice the Trustee.    Looking at the specific factors set out above, the Defendants are located in Ohio while the Trustee is located within this forum. Thus, this factor is a wash. The ease of access to the necessary proof and the convenience of the witnesses and the parties and their relative physical and financial condition weighs in favor of transfer. Most, if not all of the witnesses are located in Ohio. Likewise, while the Trustee expects to rely primarily upon documentary evidence, to prevail on all of her counts will require much more than just documentary evidence. The Trustee will need live witnesses to admit the documents and to prove the other allegations of wrongdoing.

In the end, the Court must conduct a balancing test, with the Defendants bearing the burden of proof. In the case before the Court, the equities clearly weigh in favor of transfer due to the fact

6

that the core allegations of the complaint occurred in Ohio. Simply speaking, the events occurred in Ohio. It is the law of that locale which will come into play if state law needs to be applied. This Court, while clearly capable of applying and interpreting Ohio law, finds no reason to do so when a venue change would facilitate the better application of Ohio law. Finally, Ohio is where the witnesses are and where the Debtor resides. Upon a balance of the respective equities, the Court concludes that they heavily favor the Defendants. The Trustee's equity, important as it may be, cannot prevail in the face of those favoring the Defendants. In the circumstances of this particular proceeding, the Defendants carried their burden of showing that a transfer would be in the convenience of the parties. An Order incorporating this Memorandum will be entered this same date.

/s/ Alan C. Stout

Alan C. Stout
United States Bankruptcy Judge

Dated: October 5, 2012

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JERRY JOE BATT | ) | Case No. 10-30310 |
| Debtor | ) | CHAPTER 7 |
| _____ | ) | |
| | ) | |
| JULIE APPERSON, as Trustee for the Estate of | ) | |
| Jerry Joe Batt, and as successor Trustee for | ) | |
| Jerry J. Batt Revocable Trust and Jerry J. Batt | ) | |
| Amended Revocable Trust | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| OLD FORT BANKING COMPANY | ) | |
| | ) | |
| and | ) | AP No. 12-03013 |
| | ) | |
| FIRST FEDERAL BANK OF THE MIDWEST | ) | |
| _____ | ) | |

**ORDER**

Pursuant to the Court's Memorandum entered this same date and incorporated herein by reference, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that the Motion to Transfer Venue and Request for Hearing filed by the Defendant, First Federal, and the Motion to Transfer Venue and Request for Hearing filed by the Defendant, Old Fort, are **GRANTED**.

Alan C. Stout
United States Bankruptcy Judge

Dated: October 5, 2012